UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1944**

---

OTIS E. HILL,

                Plaintiff – Appellant,

     v.

SOUTHEASTERN FREIGHT LINES, INC.,

                Defendant – Appellee,

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (1:11-cv-00462-JAB)

---

Argued: March 28, 2013        Decided: April 15, 2013

---

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Norman B. Smith, SMITH, JAMES, ROWLETT & COHEN, LLP, Greensboro, North Carolina, for Appellant. William Lee Duda, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Columbia, South Carolina, for Appellee. **ON BRIEF:** L. Bakari Middleton, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Columbia, South Carolina; Sarah H. Roane, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Hill ("Hill") appeals the district court's dismissal with prejudice of his employment discrimination claims against Southeastern Freight Lines ("SEFL"). As relevant here, the district court granted SEFL's motion for summary judgment after finding that Hill failed to present a prima facie case of age discrimination.[1] For the reasons that follow, we affirm.

## I.

Hill was a full-time pick-up and delivery driver for SEFL. As the title suggests, in that capacity Hill was expected to pick up and deliver freight. Such drivers were graded on the basis of the so-called "Tommy Thompson System," which took into consideration such factors as cargo loads, distance driven and stops made. Apparently some routes yielded lower numbers for their drivers than others.

Although Hill maintains that he was an excellent employee, the evidence of record documents a history of performance

---

[1] Hill also brought claims based on disability discrimination and retaliation, but he conceded below that he could not prove the retaliation claim, and has not challenged the district court's dismissal with prejudice of his disability discrimination claim on appeal. Consequently, only the age discrimination claim is at issue.

2

issues.[2]  Specifically, Hill acknowledges signing a notice on March 3, 2010, informing him that "this is a final communication concerning your performance.  Any future violation of company policy, practices, safety rules or guidelines will result in additional disciplinary action, which will include termination of your employment."  J.A. 82; 53-54.[3]  On May 21, 2010, after a customer complained of Hill's tardiness, and after Hill took an excessive amount of time to complete his runs, SEFL's Terminal Manager gave Hill a choice: accept a line haul driver position which would require driving trailers between two points at night with no pickups or deliveries, or resign.

Hill produced medical documentation of vision problems caused by glaucoma, which would make it difficult for him to drive at night.  He was subsequently terminated, and filed the employment discrimination claims below.

---

[2] We feel compelled to note that our consideration of this appeal has not been aided by the fact that Hill's citations to the record are consistently inaccurate, and referenced documents are therefore difficult, if not impossible, to find.  For example, Hill asserts that "[t]he only comprehensive employment evaluation done by defendant showed that plaintiff was excellent and without criticism in all graded categories of performance." Appellant's Br. at 5 (citing A. 126).  However, we were unable to locate such a document in the record.

[3] References to "J.A." indicate the joint appendix filed by the parties in this case.  Hill uses the shorthand "A." to refer to the record; where relevant we include these, although, as noted, they do not correspond to pages in the J.A.

The district court found that Hill failed to meet what it identified as the third and fourth prongs of the test for establishing a prima facie case of age discrimination: Hill could not show that he was performing his job at a satisfactory level, or, even if he were, that his position either remained open or that he was replaced by a substantially younger individual. This appeal followed.

## II.

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., forbids an employer from taking an adverse employment action against an employee "because of" the employee's age. 29 U.S.C. § 623(a)(1); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004) (en banc). Under the ADEA, a plaintiff "must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78 (2009). Thus, to survive summary judgment, Hill must show that there is a genuine issue of material fact that SEFL dismissed him from his job as a pick-up and delivery ("P&D") driver due to his age. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We review de novo the district

4

court's grant of summary judgment. Med. Waste Assocs. Ltd. P'ship v. Baltimore, 966 F.2d 148, 150 (4th Cir. 1992).

Because Hill presents no direct evidence of an impermissible discriminatory motive based on age, we proceed under the familiar McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Stokes v. Westinghouse Savannah River Co., 206 F.3d 420 (4th Cir. 2000) (applying the McDonnell Douglas framework in the context of age discrimination). Hill must first establish a prima facie case, the elements of which vary depending on the nature of the claim. Dugan v. Albemarle Cnty. Sch. Bd., 293 F.3d 716, 720 n.1 (4th Cir. 2002). In the firing context relevant here, Hill must show that: (1) he was a member of the protected class--that is, older than 40; (2) he was discharged; (3) he was qualified for the job and met SEFL's legitimate expectations; and (4) his position remained open or was filled by a similarly qualified individual who was substantially younger. See Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006).[4]

---

[4] If Hill were to succeed in making out a prima facie case, that would create a "presumption of discrimination," and the burden of production would then shift to SEFL to set forth "a legitimate, non-discriminatory reason for its adverse employment decision." Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006). If SEFL carried that burden, the presumption would disappear and Hill would have to show that SEFL's articulated reason was a (Continued)

5

The district court premised its grant of summary judgment in SEFL's favor on Hill's failure to establish a prima facie case of age discrimination. It is undisputed that, at 60 years of age, Hill was a member of the protected class, and that he was discharged from employment. Thus, only the third and fourth elements are presently contested.

A.

As to the third prong, "a plaintiff must show by a preponderance of the evidence that he met the employer's legitimate job expectations in order to prove his prima facie case, [and] the employer may counter with evidence defining the expectations as well as evidence that the employee was not meeting those expectations." Warch, 435 F.3d at 516. We have qualified this requirement by clarifying that the plaintiff's burden in this regard is not an onerous one. The third prong requires only that the plaintiff present evidence to create a question of fact that the employer's "proffered 'expectation' is not, in fact, legitimate at all." Id. at 517.

Hill asserts that the record is replete with evidence that he "was qualified for the position of local truck driver, and

_____

pretext for age discrimination. Id. Because we find Hill has failed to establish a prima facie case, we need not reach the issue of pretext.

6

that he was performing his duties at a level that met defendant's legitimate expectations." Appellant's Br. at 15 (citing A. 126). As we have noted, however, we are unable to find in the record the evaluation that supports Hill's claim. Hill further contends that in relying on personnel assessments going back some period, "the defendant violated its own policy of clearing an employee of all write-ups over one year old." Id. at 17 (citing A. 21). We have likewise been unsuccessful in locating evidence of such a policy. Hill contends that the "Tommy Thompson system," which SEFL uses to measure productivity, has become "largely discredited and discarded by major motor carriers," id. at 16 (citing A. 117), but the only evidence in the record we could find to support this is the same bald assertion in his own affidavit.

Although Hill is correct that his burden with respect to the third prong is not onerous, we still require evidence other than his own self-serving conclusions and the impressions of one of his coworkers that he met SEFL's legitimate expectations.[5] See Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir.

---

[5] Hill proffers the affidavit of Michael Brooks, a 38-year-old P&D driver for SEFL who attests that Hill "always got the job done" and was "written up by the employer unfairly and inconsistently" in comparison to several other younger drivers, including Brooks himself. J.A. 167-68. Notably, these portions of Brooks's affidavit were stricken by the district court because they were not based on the affiant's personal knowledge
(Continued)

7

1980) (explaining that because it is solely the perception of the decision maker with which we are concerned, the plaintiff's "perception of himself . . . is not relevant"); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 235 (4th Cir. 1991) (explaining that whether a plaintiff's coworkers, or other individuals who were not the decision maker, "may have thought [the plaintiff] did a good job, or that he did not 'deserve' [to be discharged], is close to irrelevant").

B.

Despite Hill's reliance on evidence that the record does not appear to contain to establish prong three--that he was qualified and meeting SEFL's legitimate expectations--in an abundance of caution we ground our decision to affirm in Hill's acknowledged failure to produce evidence as to prong four--that his position remained open or was filled by someone younger.

In lieu of evidence, Hill argues that the fact that his position was filled by a similarly qualified, substantially younger individual is a matter of common sense. Hill argues that "[i]t is inconceivable that after plaintiff's discharge defendant simply abandoned his route and the customers served by

---

as required for consideration under Fed. R. Civ. P. 56(c). See Hill v. Se. Freight Lines, 877 F. Supp. 2d 375, 382 (M.D.N.C. 2012). Hill does not protest that ruling on appeal.

him in light of their importance to defendant's business. By necessity, plaintiff's position had to be filled by someone else, thereby satisfying the fourth prima facie case component." Appellant's Br. at 20. We must decline to take such a leap of faith. Even if we could assume, and we cannot, that SEFL has filled Hill's position, he offers no evidence whatsoever to even suggest that his replacement is substantially younger.

Hill also asserts that there were several open dock worker positions at the time of his discharge, and that he "easily could have filled any of these, which would likely have taken him out to time for retirement." Appellant's Br. at 20 (citing A. 125). However, the only indication in the record of any open positions is found in Hill's own testimony, which does not appear to be grounded in personal knowledge. Hill simply has offered no evidence relevant to this fourth element, underscoring the lack of connection between SEFL's adverse employment decision and any implication, however remote, of age discrimination.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

9